## APPEAL OF JOHN POLACHEK.

Docket No. 828.   Submitted November 28, 1925.   Decided March 30, 1926.

A taxpayer is not entitled to an amortization deduction in 1919 on buildings entirely erected in 1918 which were not used for war purposes after the end of that year.

*E. H. Reichart, Esq.*, for the taxpayer.
*John D. Foley, Esq.*, for the Commissioner.

### Before GRAUPNER and TRAMMELL.

This appeal is from a determination of a deficiency in income tax for 1919, in the amount of $2,788.68. The deficiency arises from the disallowance by the Commissioner of a deduction in the amount of $12,668.80, claimed by the taxpayer for the amortization of wartime facilities.

#### FINDINGS OF FACT.

The taxpayer is an individual residing at New York City, N. Y.

The taxpayer in May, 1910, engaged in the business of designing, casting, and erecting ornamental bronze and iron work, under the name John Polachek Bronze & Iron Works, with a capital of $23,000, and maintained and operated a plant for such purposes at Long Island City, N. Y. About September, 1910, he lost about $16,000, due to the failure of two banks in which he had money on deposit, and was left with machinery, equipment, and materials that had cost him about $7,000, but without any money to meet his pay roll and other expenses. He then went to his brother, Charles N. Polasky, and requested a loan of sufficient money to enable him to continue his business. Polasky at first refused to lend the taxpayer any money, but finally agreed to lend and did lend him $7,000, on the following conditions:

That Polasky should receive one-half of the net profits of the business; that neither the taxpayer nor Polasky should withdraw any profits from the business during the period of 10 years; that if the business did not produce any profits the taxpayer would, in any event, pay to Polasky the said sum of $7,000, with interest at the rate of 6 per cent; and that the business should be carried on under the sole direction of the taxpayer.

The business was conducted by the taxpayer, under the agreement of 1910, until March 1, 1919. Shortly before that date Polasky became dissatisfied because he was not entitled to withdraw any money from the business and had not received any return on his loan, and he therefore proposed that the taxpayer buy him out, and the taxpayer did buy out his interest in the business for $50,000.

During the year 1918 the John Polachek Bronze & Iron Works received orders for castings which were not of the kind ordinarily

made in the business then carried on by it and which were to be used in the building of ships for the United States Shipping Board Emergency Fleet Corporation, and thereby to contribute to the prosecution of the World War. In order to provide for the production of these castings the John Polachek Bronze & Iron Works constructed, during the year 1918, an additional building to be used as an iron foundry. The building was begun in April, 1918, and was completed in December, 1918. The building was never actually used in the production of articles contributing to the prosecution of the World War, all orders on hand for the production of such articles having been canceled immediately after the signing of the Armistice in November, 1918. The building in question cost $50,755.23, and the land on which it was erected cost $3,400. Of the construction cost of the building, the amount of $16,186.14 was actually paid in the year 1918, and the balance, $34,569.09, was paid in the year 1919. The building was not in use from the time it was completed until about September 1, 1921, at which time about 40 per cent of its capacity was put into use as an iron foundry.

The John Polachek Bronze & Iron Works filed an income and profits-tax return for the year 1918 as a partnership. Its books of account were kept on the accrual basis.

The taxpayer, in computing his net income for the year 1919, deducted for the amortization of the building in question the amount of $12,688.80. The deduction was disallowed by the Commissioner, on the ground that the amortization period of the taxpayer ended December 31, 1918, and that deduction for amortization should be allowed only for the year 1918.

### OPINION.

TRAMMELL: The question presented by this appeal is whether the taxpayer, in computing his net income for the year 1919, is entitled to a deduction for the amortization of the building constructed by the John Polachek Bronze & Iron Works for the production of articles contributing to the prosecution of the World War. It is agreed by the Commissioner and the taxpayer that the building was constructed at a cost of $50,755.23, and there appears to be no dispute as to the postwar value in use. The Commissioner contends, however, that the taxpayer's amortization period expired December 31, 1918, and that the entire deduction for amortization of the building in question should be allowed for the year 1918. The taxpayer contends that the allowance should be spread ratably over the period April, 1918, to September, 1921.

In the year 1918 the John Polachek Bronze & Iron Works constructed a building for the production of articles contributing to

the prosecution of the war, at a cost of $50,755.23. The building was completed during that year, although payments therefor continued to be made until some time in 1919.

The building was never used for the purpose for which it was constructed. On the signing of the Armistice the orders which taxpayer had for articles which were to be used in the production of vessels were canceled, and the building was not used for any purpose until September, 1921, when it was partially used for peace-time purposes. It was agreed between the Commissioner and the taxpayer that it was used from September, 1921, to the extent of 40 per cent of its capacity. No question is raised by the Commissioner as to the amount of the amortization allowance. The taxpayer claimed in his 1919 return $12,688.80. The only question is whether the entire deduction should be taken in 1918 or should be spread over a longer period.

The facts in this case are similar to those presented in the *Appeal of Walcott Lathe Co.*, 2 B. T. A. 1231. In that case the taxpayer constructed during 1918, among other things, a building and cranes for the production of articles contributing to the prosecution of the war. The facilities were never used for the purpose for which constructed, the taxpayer's contracts for the production of such articles having been canceled after the signing of the Armistice. Nor were such facilities used subsequent to 1918 in the taxpayer's regular business. The Board, holding that the entire deduction should be allowed for 1918, said:

The purpose of the so-called amortization section in the Revenue Act of 1918 was fully explained in committee reports and on the floor of the House and Senate at the time the Revenue Act of 1918 was under consideration. That Act imposed profits taxes as high as 80 per cent, to which was added a normal tax for the year 1918 of 12 per cent, bringing the maximum rate of tax to 82.4 per cent of the profits of a business in the highest bracket. Taxation as drastic as this could be imposed without serious hardship and obstruction of industry only if all proper deductions in determining profits were granted. The purpose of the high rates was, in effect, to confiscate so-called war profits and to prevent the making of extortionate profits from the war, but it was recognized that in many cases facilities had been provided for the production of articles for war use which would be useless, or nearly so, upon the termination of hostilities. Manifestly, the cost of such facilities could not be regarded as recoverable over a long life of wear and tear, but could be regarded as recoverable only against the articles which that capital was invested to produce. In other words, the extraordinary investment on account of war facilities was properly recoverable out of war profits, and Congress in sections 214 (a) (9) and 234 (a) (8) so provided.

Where facilities which were erected, constructed, or acquired in 1918 for the purpose of producing articles contributing to the prosecution of the war were not actually used for such purpose, we see no reason why there should be a different amortization period permitted with respect to such facilities from that allowed in the

case of facilities actually used but abandoned at the end of 1918. If there are not sufficient war profits from which a deduction might be taken, that fact should not permit the deduction from peace-time profits.

From a consideration of the purpose and history of the amortization section contained in the Revenue Act of 1918, we are of the opinion that article 185 of Regulations 45, promulgated by the Treasury Department, is reasonable and is in accordance with the spirit and intent of the statute.

Article 185 of Regulations 45 provides in part:

Amortization period.—The amortization allowance shall be spread in proportion to the net income (computed without benefit of the amortization allowance) between January 1, 1918, (or if the property was acquired subsequent to that date, January 1st of the year in which acquired) and either of the following dates:

(a) If the claim is based on (1) of article 184, the date when the property was or will be sold or permanently discarded as a war facility; or (b) if the claim is based on (2) of article 184, the actual or estimated date of cessation of operation as a war facility.

The facilities involved in this appeal were acquired by the John Polachek Bronze & Iron Works during the year 1918, and they were not used for the purpose of producing articles contributing to the prosecution of the war, or in the production of vessels for the transportation of men or materials for the prosecution of the war. From the time of the completion of the facilities until September, 1921, they were not used for any purpose. From that time they were used in peace-time business. The fact that the building was used to a certain per cent of its capacity in 1921 does not alter the amortization period. The deduction is to be spread, in any event, only over what may be designated as the amortization period, and this period is determined by the time when the taxpayer abandoned the facilities or ceased producing articles contributing to the prosecution of the war. Since the amortization period did not extend beyond 1918, there can be no spread of the deduction beyond the end of that year.

Since we have held that the taxpayer is not entitled to a deduction in the year 1919 for amortization of the building in question, it is not necessary to discuss whether or not he and his brother, Charles N. Polasky, were partners in the John Polachek Bronze & Iron Works from January 1 to March 1, 1919. The question would be important in the event there was a deduction allowed in 1919 in order to determine who was entitled to the benefit thereof. There was no question as to whether a partnership existed in 1918, the year in which we hold the deduction is allowable.

*The deficiency of $2,788.68 as determined by the Commissioner is approved. Order will be entered accordingly.*

On reference to the Board, STERNHAGEN and LOVE dissent.

PHILLIPS, dissenting: I can not agree with the conclusion which has been reached. The statute provides for the allowance of a *reasonable deduction* for the amortization of such part of the cost of these facilities as had been borne by the taxpayer. What is a reasonable allowance in each case must depend upon the facts of that case. It is obvious that a very wide discretion was vested in the taxing authorities to determine what was reasonable in the case of each taxpayer, the object of Congress being to allow each taxpayer to take as a deduction in his returns the excess of the cost of war facilities over their postwar value to him.

This taxpayer had no income whatever from articles produced in the plant which it has sought to amortize, nor did he have any profits from war contracts. The amount of the amortization determined by the Commissioner is approximately $35,000. Taxpayer's income for the year 1918 is about one-half of that amount. If it is held that the deduction can be taken only in 1918, the taxpayer is allowed as a deduction only approximately one-half of the amount which should be allowed. He is permitted to recover in his income-tax return only one-half of the excess cost of such facilities, while it was the purpose with which the section was enacted to permit him to recover the full amortization. To me it does not seem that the decision allows a reasonable deduction for amortization.

The property which taxpayer constructed for the manufacturing of war facilities was of no use to him until June, 1920. In the circumstances of this appeal I believe that it would be reasonable to distribute the amortization over the period from the date when the erection of the plant was started to the date when it was put into use in the taxpayer's postwar business.

That Congress intended that the amortization should be spread over a period of years seems apparent from the fact that under the 1921 Act it may be allowed for the year 1921. Obviously, a plant would not be in use in 1921 for the construction of articles contributing to the war, nor would there be income from the manufacture of such articles in 1921. It seems clear that Congress did not intend that the amortization must be restricted to those years in which there was income from the manufacture of war facilities, but rather intended that there should be determined in each case what was a reasonable allowance in view of all the circumstances.

SMITH and TRUSSELL concur in the foregoing dissenting opinion.